# IN THE COURT OF APPEALS OF IOWA

No. 20-1116
Filed November 23, 2021

**VALERIE RHEEDER,**
　　　Plaintiff-Appellee,

**vs.**

**CITY OF MARION, IOWA, DOUGLAS SLAGLE, SHELLENE GRAY, and JOSEPH McHALE,**
　　　Defendants-Appellants.
_____

　　　Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

　　　The defendants appeal interlocutory a discovery order in a sexual harassment and retaliation suit. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

　　　Amy L. Reasner and Holly A. Corkery of Lynch Dallas, P.C., Cedar Rapids, for appellants City of Marion and Joseph McHale.

　　　Bridget R. Penick and Olivia N. Norwood of Fredrikson & Byron, P.A., Des Moines, for appellant Douglas Slagle.

　　　Michele L. Brott and Kacy L. Flaherty-Tarpey of Dentons Davis Brown, P.C., Des Moines, for appellant Shellene Gray.

　　　Ann E. Brown of Ann Brown Legal PC, Cedar Rapids, for appellee.

Considered by Vaitheswaran, P.J., Schumacher, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**BLANE, Senior Judge.**

Valerie Rheeder is a former employee of the City of Marion. She sued the city and several of its employees (collectively the city) for sexual harassment and violation of the Iowa Civil Rights Act during her employment. In this interlocutory appeal, the city challenges a discovery order requiring it to turn over a redacted portion of an investigatory report prepared by an attorney regarding Rheeder's allegations of sexual harassment. Rheeder argues the city is obligated to disclose the full, unredacted investigatory report to be able to use it in support of its *Faragher-Ellerth* affirmative defense.

We find the district court abused its discretion in ordering the entire report disclosed to Rheeder. A limited portion of the redacted pages is discoverable as relevant to Rheeder's claims. The city has not waived its privilege as to the remainder. Thus, we remand to the district court to allow the city to decide if it will rely on the investigative report as part of its defense.

## I. BACKGROUND FACTS AND PROCEDINGS

Valerie Rheeder worked as a part-time custodian for the Marion Police Department starting in August 2018. About a year later, she filed this lawsuit alleging Deputy Police Chief Douglas Slagle sexually harassed her. She claimed that when she reported his conduct, Chief of Police Joseph McHale carried out an inadequate investigation before formally concluding Slagle had not sexually harassed her. McHale informed city administrators of Rheeder's complaint and that he had taken care of it.

Rheeder's petition also asserted the city retaliated against her for making the sexual harassment complaint. McHale gave her a written warning for her

communications with Slagle. She also contends that Administrative Manager Shellene Gray confronted and threatened her about the sexual harassment complaint.

A month or so after her complaint, Rheeder heard that the city had received multiple allegations of sexual harassment against Slagle before he sexually harassed her as well as a new complaint from another individual. She also learned the department planned a second investigation to be conducted by someone outside the department. The city hired attorney Frances Haas to investigate Rheeder's complaint and possible disparate treatment within the police department. Attorney Haas conducted her investigation and submitted to the city a confidential report (Haas report). The department placed Rheeder on leave during the investigation. When she returned to her position, Gray was still her manager. Rheeder complained she was not comfortable working with Gray, and the city conducted another investigation of Gray's conduct. The city then allowed Gray to return to her position. Rheeder quit her job shortly afterward and filed this suit.

Rheeder's petition includes claims of sexual harassment and violations of the Iowa Civil Rights Act[1] by the city, Slagle, and Gray. Later, Rheeder amended

---

[1] The Iowa Civil Rights Act provides:

> It shall be an unfair or discriminatory practice for any . . . [p]erson to refuse to hire, accept, register, classify, or refer for employment, to discharge any employee, or to otherwise discriminate in employment against any applicant for employment or any employee because of the age, race, creed, color, sex, sexual orientation, gender identity, national origin, religion, or disability of such applicant or employee, unless based upon the nature of the occupation.

Iowa Code § 216.6 (2019).

her petition to include McHale in her Civil Rights Act claims. In its answer, the city broadly denied the allegations. It also stated "the [c]ity promptly investigated all of [p]laintiff Rheeder's claims and promptly responded to all of [p]laintiff Rheeder's claims. The [c]ity denies [p]laintiff Rheeder's claim it ignored 'sexually harassing conduct for years.'" It specifically answered:

> . . . Defendants City and McHale promptly investigated all of Plaintiff Rheeder's claims asserted while employed and, where appropriate within the City's business judgment, provided prompt remedial measures reasonably calculated to remedy Plaintiff Rheeder's claims.
> . . . .
> . . . Even if a City employee committed any actionable wrongful acts, which has been and is denied, Defendants City and McHale exercised reasonable care to prevent such acts and Plaintiff Rheeder unreasonably failed to take advantage of the preventative and/or corrective opportunities the City offered in its written policies.

The city thus asserted what is known as a *Faragher-Ellerth* affirmative defense.[2] This "two-part defense requires employers to show reasonable care was exercised to 'prevent and correct promptly any . . . harassing behavior' and to further show the claimant employee 'unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer.'" *Fenceroy v. Gelita USA., Inc.*, 908 N.W.2d 235, 242 (Iowa 2018) (quoting *Farmland Foods, Inc. v. Dubuque Human Rights Comm'n*, 672 N.W.2d 733, 744 n.2 (Iowa 2003) (adopting the defense)). The policy of the affirmative defense is to "encourage[] employers to prevent workplace discrimination and harassment by adopting antidiscrimination policies and complaint procedures or by taking other suitable action." *Id.* In

---

[2] That term is based upon United States Supreme Court cases *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

*Fenceroy*, the supreme court addressed the question of privilege, holding "that an employer who relies on a presuit investigation to support a *Faragher-Ellerth* affirmative defense waives attorney–client privilege when the investigation is conducted by an attorney." *Id*.

Following Rheeder's discovery requests, the city produced only a redacted copy of the Haas report to Rheeder.[3] The city redacted information it asserted was not relevant to Rheeder's complaint. The city also sought a protective order to prevent disclosure of the redacted information, roughly the last seven pages of the thirty-four page report and a few items from its Appendix A and Appendix B. Rheeder resisted the protective order and moved to compel disclosure of the full, unredacted Haas report.[4]

The city resisted, insisting the Haas report included investigation of separate matters unrelated to Rheeder's claims. It cited Rheeder's discovery request for "[a] complete copy of the investigative report of Frances Haas regarding

---

[3] The confidential report consists of 34 typed pages, page 35 – Appendix A (list of interviewed persons and their positions), and page 36 – Appendix B (list of documents reviewed and source). The city produced the first 26 pages, one-half of page 27 and redacted the bottom portion of page 27 through page 34. The city also redacted the list of names in Appendix A on page 35 and four of the documents and sources listed in Appendix B on page 36. For purposes of this appeal, we have been provided an unredacted copy of the full confidential report provided to the district court and reviewed in camera before issuing its order of production.

[4] As to the Haas report, the motion states:

> Plaintiff is entitled to an unredacted version of Attorney Fran Haas's report. In the event that the Court determines that portions of the report are privileged, Plaintiff is still entitled to discovery relating to the identity of the complainant who contacted the City regarding the sexual harassment of Plaintiff and all documents and information relating to the nature of this person's complaint.

Valerie Rheeder's complaint of sexual harassment [and] retaliation." The city argued,

> [T]he plain language of the request does not encompass the second half of the report; the second half of the report is attorney client privileged and such privilege has not been waived; and the second half of the report is not relevant to Ms. Rheeder's claims nor reasonably calculated to lead to the discovery of admissible evidence.

According to the city, "[b]y framing her request as she did, the Plaintiff herself acknowledges this information is all that she is due." The city also claimed only to have placed in issue that part of the report necessary to its defense, so it "*only* waived its attorney client privilege regarding Ms. Haas' report with respect to Ms. Rheeder's claims and her lawsuit." Therefore, according to the city, the pronouncement of *Fenceroy*—cited by Rheeder—did not apply to the redacted text. *See Fenceroy*, 908 N.W.2d at 242. Further, it argued, "[t]here is no authority for Plaintiff's position that the [city's] waiver of attorney-client privilege with respect to the investigation and report related to Plaintiff's claims causes other, attorney client privileged investigations to lose their privilege."

The court ordered the city to submit the entire Haas report for an in camera review. After the in camera review and a hearing on the matter, the court denied the city's request for a protective order as to the redacted portions and granted Rheeder's motion to compel, ordering the city to give her the full report. In doing so, the court noted, "The question . . . is not whether the discovery sought by Plaintiff includes information that will be admissible at trial; rather the question is whether the information is discoverable." Citing *Fenceroy*, the court held:

> Plaintiff is entitled to the full and complete copy of Ms. Haas' report. Defendants have not proven that this document is privileged,

and have waived any privilege they had for this document by their plan to use the investigation and report to support their defense to Plaintiff's claims. If Defendants intend to use the report to support their affirmative defense, Plaintiff may not be kept from disputing all of the evidence in the report.

The city filed for interlocutory review. The supreme court granted the application and transferred the case to us.

## II. SCOPE OF REVIEW

We review the district court's rulings on discovery for abuse of discretion. *Struve v. Struve*, 930 N.W.2d 368, 277 (Iowa 2019). "In reviewing decisions regarding discovery, we give the district court wide latitude." *Id.* The district court abuses its discretion when its decision is based on grounds that are "clearly untenable or unreasonable." *Mitchell v. City of Cedar Rapids*, 926 N.W.2d 222, 227 (Iowa 2019) (citation omitted). "A ruling based on an erroneous interpretation of a discovery rule can constitute an abuse of discretion." *Id.* (quoting *Mediacom Iowa, L.L.C. Inc. v. City of Spencer*, 682 N.W.2d 62, 66 (Iowa 2004)).

## III. ANALYSIS

We begin with the relevant principles of discovery and evidence.

"[T]he law favors full access to relevant information." *Mediacom Iowa, L.L.C.*, 682 N.W.2d at 66 (citation omitted). The idea is that "litigants are entitled to every person's evidence" in the case. *Id.* (citation omitted). "Thus, the district court should liberally construe our discovery rules." *Id.* Parties are entitled to discovery

> regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other

> tangible things, the identity and location of persons having knowledge of any discoverable matter, and the identity of witnesses the party expects to call to testify at the trial. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Iowa R. Civ. P. 1.503(1).

Still, in general terms, privileged material is not discoverable. The rule provides: "Parties may obtain discovery regarding any matter, *not privileged*." Iowa R. Civ. P. 1.503(1) (emphasis added). "[A] party is entitled to discover any information that is not privileged and that is relevant to the subject matter of the lawsuit." *Mediacom Iowa, L.L.C.*, 682 N.W.2d at 66. In other words, a party may not discover privileged information unless there is a clear exception. "A party resisting discovery through assertion of a privilege has the burden of showing that a privilege exists and applies." *Exotica Botanicals, Inc. v. Terra Intern'l, Inc.*, 612 N.W.2d 801, 804 (Iowa 2000). "An asserted privilege is narrowly construed because it is an exception to our rules governing discovery." *Id.*

There are "avenues available to those who wish to resist discovery." *Mediacom Iowa, L.L.C.*, 682 N.W.2d at 66. The one relevant here is a protective order under Iowa Rule of Civil Procedure 1.504. *See id.* at 66–67 Relevance is also a significant factor in discovery. Iowa Rule of Evidence 5.401 provides, "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."

With that backdrop, we turn to the city's specific objections to Rheeder's discovery request.

### A. Rheeder's discovery request

The city argues that Rheeder's discovery request was limited to evidence related to her sexual harassment and retaliation claims and does not encompass the redacted portions of the confidential report. Rheeder requested "[a] complete copy of the investigative report of Frances Haas regarding Valerie Rheeder's complaint of sexual harassment [and] retaliation." And the district court ruled that Rheeder was entitled to "the full and complete copy of Ms. Haas' report." After finding that the city had not proven the document was privileged and had waived any privilege by its plan to use the investigation and report to support its affirmative defense, the court concluded: "If [the city] intend[s] to use the report to support [its] affirmative defense, [Rheeder] may not be kept from disputing *all of the evidence in the report.*" (Emphasis added.)

We recall that to establish the *Faragher-Ellerth* affirmative defense, the employer must show it "(1) exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (2) that the plaintiff employee unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Farmland Foods, Inc.*, 672 N.W.2d at 744 n.2. And "an employer who relies on a presuit investigation to support a *Faragher-Ellerth* affirmative defense waives attorney-client privilege when the investigation is conducted by an attorney." *Fenceroy*, 908 N.W.2d at 244. Assuming the city waived its privilege over the entire Haas report, the second part would be discoverable under general discovery rules if it is "relevant to the subject matter involved in the pending action." Iowa R. Civ. P. 1.503(1). Relevancy in the context of discovery is different from relevancy for admissibility—

the rule itself says inadmissibility "is not ground for objection . . . if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Fagen v. Grand View Univ.*, 861 N.W.2d 826, 833 (Iowa 2015) ("In other words, relevancy to the subject matter of a lawsuit is broader than relevancy to an issue specifically pled, because the rule permits a party to discover inadmissible information as long as the request is reasonably calculated to lead to the discovery of admissible evidence.").

First, addressing the city's contention Rheeder did not request the redacted information, we do not read Rheeder's discovery request as narrowly as the city does. She requested a "complete" copy of the investigation into her claims. We find no abuse of discretion in the court's conclusion that Rheeder's original request encompassed the entire investigation report. Second, our job is to determine whether the district court abused its discretion in concluding the city waived its privilege over the redacted pages by determining they were relevant to the matters in her action. To answer that, we turn to the question of the city's waiver.[5]

---

[5] The city argues the district court abused its discretion by finding the redacted part of the Haas report was not privileged or that the city waived the privilege. It argues:

> The City and Mr. McHale have at all times asserted that the second part of the Investigation Report is attorney-client privileged, that the privilege was never waived, that they did not "inject" the second part of the Investigation Report into the case and, in any event, the second part of the Investigation Report is not relevant to Ms. Rheeder's case.

Iowa Code section 622.10(1)(2019) creates the attorney-client privilege. Our law recognizes that a "confidential communication between an attorney and the attorney's client is absolutely privileged from disclosure against the will of the client." *Fenceroy*, 903 N.W.2d at 242–43 *(citing Shook v. City of Davenport*, 497 N.W.2d 883, 886 (Iowa 1993), *abrogated on other grounds by Wells Dairy, Inc. v. Am. Indus. Refrigeration, Inc.*, 690 N.W.2d 38, 48 (Iowa 2004))*.

It is undisputed that Frances Haas is an attorney retained by the city to investigate Rheeder's and possibly others' harassment or discrimination

**B. Waiver.**

In *Fenceroy*, the supreme court discussed how the assertion of the *Faragher-Ellerth* affirmative defense impacts discovery of a confidential attorney investigation relied upon and to be offered into evidence by the defense.[6]

> Normally, the process of an investigation into a complaint is at issue when the *Faragher-Ellerth* defense is asserted, "including what the employer knew of the employee's complaints and when." When an employer affirmatively relies on the reasonableness of its investigation to support the defense, "[t]he only way that Plaintiff, or the finder of fact, can determine the reasonableness of the Defendant's investigation is through full disclosure of the contents" of the investigation. In order to adequately challenge a *Faragher-Ellerth* affirmative defense, plaintiff must be permitted to probe the nature and scope of the relied upon investigation. It would be fundamentally unfair to allow an employer to shield material facts from discovery simply by hiring the same attorney who conducted a presuit investigation to represent the employer in the subsequent civil action.
>
> The key element behind this authority is that the *Faragher-Ellerth* defense must not only be pled, but the employer must then rely on the attorney's investigation into plaintiff's discrimination allegations in proving the defense. When the reasonableness of the investigation into the allegations is relied upon as a defense, the contents of the investigation are placed into issue and become subject to disclosure.

*Fenceroy*, 908 N.W.2d at 244 (citations omitted).

The city agrees it affirmatively pled the *Faragher-Ellerth* defense and intends to rely on the Haas report as evidence supporting the defense but only to

---

complaints. The report states on its face: "CONFIDENTIAL—ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT." Although such a label does not automatically render the document privileged, our review confirms the attorney-client relationship and that the confidential report is privileged under the statute. The district court's finding that the report, particularly that redacted, was not privileged was clearly in error.

[6] The affirmative defense allows an employer to avoid vicarious liability when it responsibly acts to prevent workplace harassment or discrimination, as long as the claim does not involve tangible employment action.

the extent the report relates to Rheeder; that portion which it has produced. The city takes issue with the court's ruling for two reasons. First, that it never waived privilege as to the redacted portion of the report dealing with disparate treatment. And second, that it never put the redacted part of the report into issue because it did not intend to rely on that portion to support its affirmative defense.

Rheeder counters there is no authority to support the argument that the city can sever the allegedly unrelated parts of the investigative report for discovery purposes. She argues that by asserting an affirmative defense it exercised "reasonable care . . . to 'prevent and correct promptly any . . . harassing behavior,'" the city put Haas' investigatory efforts into issue in the case. *Id.* (citation omitted).

Generally, under *Fenceroy*, discovery of the otherwise confidential report is required and imposes implied waiver because it is the "only way that [Rheeder] . . . can determine the reasonableness of the [city's] investigation." *Id.* "In order to adequately challenge a *Faragher-Ellerth* affirmative defense, plaintiff must be permitted to probe the nature and scope of the relied upon investigation." *Id.* "When the reasonableness of the investigation into the allegations is relied upon as a defense, the contents of the investigation are placed into issue and become subject to disclosure." *Id.* "[A] basic component of a fair trial requires that when a party injects a legal issue into a lawsuit, the opposing party is entitled to discover the relevant evidence concerning the issue." *Id.* at 234.

But those general principles have some limitations. In *Fenceroy*, our supreme court cited favorably to several cases that provide guidance on this issue. In *Harding v. Dana Transport, Inc.*, "the *adequacy or reasonableness of the*

*investigation was the relevant* fact injected into the lawsuit by the defendant, which made the content of the investigation relevant." 914 F. Supp. 1084, 1096 (D.N.J. 1996) (emphasis added*).* Thus, the court must decide if particular content of the report is relevant and must be produced. *See EEOC v. Outback Steakhouse of Fla., Inc.*, 251 F.R.D. 603, 612 (D. Colo. 2008) ("The Court agrees that to the extent defendants have asserted the *Faragher/Ellerth* affirmative defense, they have waived the protections of the attorney-client privilege and work product regarding investigations into *complaints made by female employees.*" (emphasis added)). In *Walker v. Cnty. of Contra Costa*, 227 F.R.D. 529, 535 (N.D. Cal. 2005), the court emphasized that only similar complaints of sexual harassment to that raised in plaintiff's case are within the waiver and discoverable. "If Defendants assert as an affirmative defense the adequacy of their pre-litigation investigation into Walker's claims of discrimination, then they waive the attorney-client privilege and the work product doctrine with respect to documents reflecting *that investigation." Id.* (emphasis added). Again, the implied waiver is only related to the investigation that pertains to the particular claim. The parties also cite us to *Koss v. Palmer Water Department*, 977 F. Supp. 2d 28, 29–30 (D. Mass. 2013). In that case, the court found that even though the assertion of the *Faragher-Ellerth* affirmative defense waived the attorney-client privilege and work-product protection for the bulk of the documents submitted, after an in camera review, some redactions were nonetheless appropriate.

We find based on these cases that, contrary to Rheeder's assertion, the implied waiver does not automatically render the entire confidential report discoverable by Plaintiff. When the city claims the non-produced portion of the

report is not relevant and should still be considered privileged, the court in conducting an in camera review must decide if the redacted portion of the report is relevant to Rheeder's claim, or similar claims involving the alleged harasser, or necessary for Rheeder or the trier of fact to challenge or evaluate the adequacy and reasonableness of the investigation.

The district court found that "Plaintiff is entitled to the full and complete copy of Ms. Haas' report. Defendants have not proven that this document is privileged, and *have waived any privilege they had for this document by their plan to use the investigation and report to support their defense to Plaintiff's claims*." (Emphasis added.) The court's finding that the city's "plan to use the investigation and report to support their defense" waived the privilege is inconsistent with the law discussed above. The city did not plan to use the redacted portion of the report. The district court also did not employ an appropriate relevancy determination in its in camera review as discussed above. On our review of the district court discovery order and our in camera review of the full report, we conclude the district court abused its discretion in ordering production of the entire redacted portion of the report.

We are somewhat constrained in describing or setting forth contents of the redacted portion of the Haas report, since to do so would potentially disclose privileged information. In the Haas report the produced first page states:

> I was retained by the City of Marion, Iowa ("City") to conduct a legally privileged investigation into the City's Police Department ("Department"). The scope of this investigation included: (1) an internal harassment complaint lodged by an employee of the Department against Deputy Chief Doug Slagle; and (2) a reported concern that members of the Department['s] management were treating employees differently on the basis of sex.

Attorney Haas submitted to the city one report on both phases of her investigation. The results of the investigation could well have been divided into two separate reports. But redaction seems like a reasonable way of severing the two investigations.

Haas' investigation into the city police department's possible disparate treatment on the basis of sex is unrelated to Rheeder's claims of sexual harassment by Slagle. There are a few relatively small references in the redacted information where there is mention of what would be Slagle's alleged sexual harassment of Rheeder. The first is found at section 2.,c.,i., the first two sentences. The second is in the same section, the first two sentences of the third paragraph. The third is found in the first full paragraph of section 2.,c.,vi., on page 33 of the Haas report. Under *Fenceroy*, we find these three specific portions appear to be relevant and necessary for Rheeder to challenge the adequacy and reasonableness of the investigation, or for the trier of fact to evaluate the adequacy and reasonableness of the investigation. Therefore, there is an implied waiver as to this limited information and Rheeder's motion to compel should be granted in this regard.

Also, the city redacted the names and positions listed in Appendix A, page 35 of the Haas report. On page 1 already produced, under "Summary of investigative work," Haas wrote: "In the course of this investigation, I interviewed seventeen individuals listed in Appendix A. I interviewed some of these individuals

more than once."[7]   Appendix A does not specify which individuals listed were interviewed in connection with Rheeder's sexual harassment claim or the disparate treatment investigation.  We find that since certain witnesses on the list were interviewed concerning Rheeder's sexual harassment claim, and are relevant and may well be necessary for her to challenge the adequacy and reasonableness of the investigation, or for the trier of fact to evaluate the adequacy and reasonableness of the investigation, those witnesses are relevant and subject to discovery.  The city is obligated to disclose those particular names and positions from Appendix A interviewed regarding Rheeder's claim.  Based upon our own in camera review, we find the remainder of the redacted portion of the report should remain privileged and not subject to production as it is not related to Rheeder's claims and is not relevant under the standard discussed above.

As discussed in *Fenceroy*, once the city is informed of this ruling and the required disclosure, it has the right to withdraw the reliance on the report to support the *Faragher‑Ellerth* affirmative defense and avoid production.  908 N.W.2d at 242.  Upon remand, the district court is to issue an order consistent with this opinion and then, if the city requests to withdraw reliance on the Haas report, the court will need to make a record consistent with *Fenceroy*.

## C.  Relevance, confusion of issues, and undue prejudice

The city, invoking Iowa Rule of Evidence 5.403, argues that the redacted portion of the investigative report should be privileged from discovery because its

---

[7] The city has already disclosed this information on page one of the portion of the Haas report produced to Rheeder as part of discovery under the stipulated protective order.

revelation would unduly prejudice the defendants and confuse the issues before the court. The city further avers that discovery of the document will disrupt the lives of third parties who may find themselves involved in an unwanted lawsuit. Rheeder responds that the city's evidentiary objections are not appropriate in the context of discovery. We agree. The question before the court was not whether the evidence was admissible at trial, but subject to the implied waiver and discoverable. As discussed above, to be discoverable, it must be non-privileged and relevant. Iowa R. Civ. P. 1.504. And "[i]t is not ground for objection that the information sought will be inadmissible at trial" as long as the information "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* We conclude the limited further disclosure of the redacted portion of the report will not unduly prejudice the city or confuse the issues.

### D. Third-party entanglement

The city finally argues that revealing the redacted portion of the report will drag unwilling third parties into the light, exposing them to unwanted public scrutiny and making them parties to an undesirable legal process. In order for an issue to receive appellate review it must be raised before, and decided by, the district court. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). When a district court fails to rule on an issue properly raised the raising party must file a motion requesting a ruling in order to preserve error for appeal. *Id.* The district court must explicitly rule on the issue to be appealed, passing reference to similar topics is insufficient. *See Addison Ins. Co. v. Knight, Hoppe, Kurnik & Knight, L.L.C.*, 734 N.W.2d 473, 480 (Iowa 2007). However, the rule is not formalistic; if the court's ruling indicates that the court considered the issue and ruled on it, even if the logic is not clear,

error is preserved. *Lamasters*, 821 N.W.2d 856, 864. This system gives the district court the opportunity to correct potential errors and prevents novel arguments from being raised on appeal. In the instant case the city admits in its brief that the district court did not address the argument about third party entanglement. As such, error was not preserved.

## IV. CONCLUSION.

We find the district court abused its discretion when it ordered the entire redacted portion of the confidential report to be produced. We find on our in camera review that a limited portion within the redaction is subject to discovery by Rheeder consistent with this opinion and that the district court is directed to issue such order on remand.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.